# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAKINAH HILL,<br><br>   Plaintiff,<br><br>v.<br><br><br>FRESH EXPRESS INCORPORATED,<br><br>   Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rakinah Hill ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Fresh Express Incorporated ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of the notices.

9.

This action has been timely commenced.

# FACTUAL ALLEGATIONS

10.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

11.

Plaintiff was employed by Defendant from, on or about August 18, 2021, until on or about June 3, 2022.

12.

For a lengthy period of time, prior to her termination in June 2022, Plaintiff was sexually harassed by line leader, Ralph Sims. Mr. Sims' sexual harassment included lude comments and he also grabbed Plaintiff's buttocks.

13.

Plaintiff rejected Mr. Sims' advances and ignored him at work as much as possible. As a result, Mr. Sims began retaliating against Plaintiff for rejecting his advances. In particular, it was apparent that Raphael was trying to get Plaintiff terminated without cause.

14.

On or about May 5, 2022, Plaintiff complained Defendant's Human Resources Department, in writing about Mr. Sims' sexual harassment and retaliation, and explained the history of his sexual harassment.

15.

On or about June 3, 2022, Plaintiff was terminated.

16.

Any reason provided by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation in response to Plaintiff's protected activity.

17.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

18.

Plaintiff re-alleges paragraphs 10-17 as if set forth fully herein.

19.

Plaintiff's engaged in protected activity under Title VII.

20.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

21.

There was a causal connection between the protected conduct and the adverse action.

22.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

24.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Special damages for lost wages;

(c)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

Respectfully submitted, this 16th day of November, 2022.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com